UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 2:06CR116-01 |
| ) | |
| ARCADIA ENERGY LLC ) | |
| ) | |
| Defendant  ) | |

PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District of Vermont (hereafter "the United States"), and the defendant, Arcadia Energy LLC, agree to the following disposition of pending and potential criminal charges.

1. Arcadia agrees to waive indictment and to plead guilty to an information which charges the company with bankruptcy bribery, in violation of 18 U.S.C. § 152(6).

2. Arcadia understands, agrees and has had explained to it by counsel that the crime to which it will plead guilty is a felony. The company also understands that the Court may impose the following sentence on its plea: a fine of not more than $500,000 or twice the gross gain or loss, whichever is larger, pursuant to 18 U.S.C. § 3571; and a $400 special assessment. The parties agree that no loss resulted from the crime to which Arcadia will plead guilty and that no restitution may be ordered.

3. It is the understanding of the parties to this agreement that the plea will be entered under oath and in accordance with Rule 11 of the Federal Rules of Criminal Procedure. The defendant represents that it intends to plead guilty because it is, in fact, guilty of the crime to which it will enter a plea.

4. The United States agrees that if Arcadia fully and completely abides by all conditions of this agreement, the United States will:

(a) not prosecute Arcadia or Harold Slone, in the District of Vermont, for any other offenses, known to the United States Attorney at the time this agreement is signed, which relate to Arcadia's bidding for the property of American Paper Mills of Vermont during a bankruptcy auction conducted in 2003; and

(b) move to dismiss at the time of sentencing the indictment that is currently pending against Harold Slone.

5. The parties jointly agree to recommend that the Court sentence Arcadia to pay a fine that is within the range of $130,000 to $260,000. Each party reserves the right to recommend any fine amount within the agreed-upon range.

6. The parties agree and recommend that the Court employ the following analysis in determining the Guidelines

fine range:

    (a)    The appropriate guideline, U.S.S.G. § 2B4.1, prescribes a base offense level of 8.

    (b)    The base offense level is increased by 12 pursuant to U.S.S.G. § 2B4.1(b)(1) because the value of the improper benefit to be conferred was more than $200,000 but less than $400,000.

    (c)    Offense level 20 yields a base fine amount of $650,000 pursuant to U.S.S.G. § 8C2.4(d).

    (d)    Arcadia's starting culpability score of 5 is not increased by any factors set forth in U.S.S.G. § 8C2.5(b)-(h).

    (e)    Arcadia's self-reporting, cooperation and acceptance of responsibility should entitle it to a 4-point culpability score reduction pursuant to U.S.S.G. §8C2.5(g).

    (f)    A culpability score of 1 results in minimum fine multiplier of .2 and a maximum multiplier of .4 pursuant to U.S.S.G. § 8C2.6, and a fine range of $130,000 to $260,000.

    7.    If the Court imposes a fine within the recommended range of $130,000 to $260,000, Arcadia agrees and promises that, within 30 days of sentencing, Arcadia and/or some other financially responsible party will pay in full all financial obligations imposed at sentencing, including any fine and special assessment. If the Court imposes a fine

3

that exceeds the recommended range, Arcadia promises to pay the fine as quickly as possible.

8. If the United States determines, in its sole discretion, that Arcadia or Harold Slone has committed any offense after the date of this agreement, or has failed to cooperate fully with the Probation Department, or has provided any intentionally false, incomplete or misleading information to Probation, the United States' obligations under paragraph 4 of this agreement will be void; the United States will have the right to recommend that the Court impose any sentence authorized by law; and will also have the right to prosecute Arcadia for any offenses it may have committed in the District of Vermont. Arcadia understands and agrees that, under such circumstances, it will have no right to withdraw its previously entered plea of guilty.

9. Arcadia fully understands that the sentence to be imposed on it is within the sole discretion of the Court. The defendant may not withdraw its plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement. The United States does not make any promises or representations as to what sentence Arcadia will receive. The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and the positions the United States may take regarding

4

sentencing (except as specifically provided elsewhere in this agreement). The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty previously entered and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

10. Further Arcadia fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court and fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. Thus, the defendant expressly acknowledges that in the event that any estimates or predictions by its attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of its plea of guilty, modification of its sentence, or for appellate or post-conviction relief.

11. It is further understood and agreed by the parties that should the defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and the defendant may be prosecuted for any and all offenses otherwise permissible.

12. It is further understood that this agreement is

limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

13. In voluntarily pleading guilty, Arcadia acknowledges that its understands the nature of the charge to which the plea is offered. It also acknowledges that it has the right to be indicted by a grand jury; that it has the right to plead not guilty or to persist in a plea of not guilty; that it has the right to be tried by a jury and at that trial a right to the assistance of counsel; that it has the right to confront and cross-examine adverse witnesses, to testify and present evidence and to compel the attendance of witnesses; that it has the right against compelled self-incrimination; that if a plea of guilty is accepted by the Court, there will be no further trial of any kind, so that by pleading guilty it waives the right to a trial and the other rights enumerated here.

14. Arcadia expressly states that it makes this agreement of its own free will, with full knowledge and understanding of the agreement and with the advice and assistance of its counsel, John L. Pacht, Esq. Arcadia further states that its plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, Arcadia expressly states that it is fully satisfied with the representation provided by its attorney and has had full opportunity to consult with its

6

attorney concerning this agreement, concerning the applicability and impact of the sentencing guidelines (including, but not limited to, the relevant conduct provisions of U.S.S.G. § 1B1.3).

15.  No agreements have been made by the parties or their counsel other than those contained herein.

16.  It is agreed that a copy of this agreement shall be filed with the Court before the time of the defendant's change of plea.

Dated at Burlington, in the District of Vermont, this 3 day of May, 2007.

UNITED STATES OF AMERICA

THOMAS D. ANDERSON
United States Attorney

By: /s/ Gregory L. Waples
GREGORY L. WAPLES
Assistant U.S. Attorney

5/2/07
DATE

/s/ Harold G. Slone
ARCADIA ENERGY LLC
Defendant
By Harold Slone, Managing Member

I have read, fully reviewed and explained this agreement to my client, Arcadia Energy LLC, and I hereby approve of it.

5/3/07
DATE

/s/ John L. Pacht
JOHN L. PACHT, ESQ.
Counsel for the Defendant

I have read, fully reviewed, and had explained to me this agreement.

5/2/07
DATE

/s/ Harold G. Slone
HAROLD SLONE